# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>DARRELL E. BLACK,<br><br>*Defendant.* | Case No. 17-10123-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on three motions filed by Defendant Darrell Black: Defendant's Motion to Dismiss Indictment (Doc. 14) for violation of the Speedy Trial Act, Defendant's Motion to Dismiss Counts 3 and 6 (Doc. 15) for failure to state an offense, and Defendant's Supplemental Motion to Dismiss Indictment (Doc. 30). On September 13, 2019, the Court heard oral argument on these matters. For the following reasons, the Court denies each of Defendant's motions.

## I.   Factual and Procedural Background

On September 12, 2017, the Grand Jury returned an indictment, charging Black in Counts 1 and 4 with Interfering with Interstate Commerce by Robbery (in violation of 18 U.S.C. § 1951), in Counts 2 and 5 with Brandishing a Firearm in Furtherance of a Crime of Violence (in violation

of 18 U.S.C. § 924(c)), and in Counts 3 and 6 with being a Felon in Possession of a Firearm (in violation of 18 U.S.C. §922(g)(1)).

The indictment resulted from two armed robberies in May 2017. The Government alleges that on May 27, 2017, at around 3:20 a.m., Black entered the Extended Stay America hotel located at 9450 E. Corporate Hills and, while brandishing a gun, demanded money from the clerk. The clerk gave Black approximately $185 and Black fled the hotel.

The Government alleges that on May 29, 2017, Black committed another armed robbery at the Days Inn and Suites located at 7321 E. Kellogg. At approximately 9:00 a.m., Black approached the clerk and produced a gun while demanding the money from the cash drawer. Before the clerk was able to retrieve the money, Black jumped over the counter and stole the money from the cash register and then fled.

After committing the alleged robberies in Kansas, Black drove to Missouri and robbed the Staybridge Inn and Suites located at 805 Keene Street in Columbia. He robbed the clerk at gunpoint and was given money belonging to the hotel before departing. Black was arrested later that day in Jefferson City, Missouri, after attempting to flee. The arresting officer recovered a bag belonging to Black which contained ammunition. A handgun was also recovered nearby, which Black later admitted belonged to him and had been used to rob the motel in Columbia.

On June 6, 2017, Black was initially charged by Complaint in the Western District of Missouri which was followed by an Indictment on July 18, 2017. In the Indictment, Black was charged with Interfering with Commerce by Robbery, in violation of 18 U.S.C. § 1951; Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c); Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); and Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j).

After Black was indicted in Kansas in this case, his counsel in the Western District of Missouri contacted the U.S. Attorney's Office in Kansas to convey Black's desire to have the Kansas case resolved in Missouri pursuant to Federal Rule of Criminal Procedure 20. The federal prosecutors in Kansas and the Western District of Missouri agreed to the transfer after Black agreed to enter a plea of guilty to the Kansas charges. Black's case was assigned to Judge Brian Wimes. However, on the date set for his plea in Missouri, Black pled guilty to the Missouri charges only, and Judge Wimes ordered the clerk of the court to return Black's Kansas case to the District of Kansas. On March 6, 2019, Black was sentenced in the Missouri matter to 318 months in prison, followed by three years of supervised release.

Following his sentencing in Missouri, Black was returned to Kansas to make a first appearance in this case. On March 22, Black appeared before Magistrate Judge Kenneth Gale for a pretrial hearing. On July 2, Black filed the two motions now before the Court. Black moved the Court to dismiss the indictment, arguing that the Government failed to bring him to trial within 70 days of his first appearance before Judge Wimes as required by the Speedy Trial Act. While Black acknowledges that some of the time he spent in the custody of Missouri was excluded under the Speedy Trial Act, he argues that 171 days passed that are not excludable. The vast majority of this time occurred after Black pleaded guilty to the Missouri crimes but while he was awaiting sentencing on the Missouri crimes.

Black also moved the Court to dismiss Counts 3 and 6 (felon in possession of a firearm) based on the Supreme Court's recent opinion in *Rehaif v. United States*. The Government's Response acknowledged that the Indictment was flawed under *Rehaif*, but the Government asked the Court to delay ruling on Black's motion to allow the Government the opportunity to obtain a

Superseding Indictment that complied with the Supreme Court's ruling. On August 14, 2019, the Government filed a Superseding Indictment against Black.

On September 13, 2019, the Court conducted a hearing on Black's two motions. At the hearing, the Court ordered (upon request of the parties) supplemental briefing to be filed by September 27. Both parties filed their supplemental arguments, although Black filed his as a Supplemental Motion to Dismiss the Indictment (Doc. 30). The Court has fully reviewed and considered the pleadings and statements at oral argument, and the Court now rules as follows.

## II. Legal Standard

Congress passed the Speedy Trial Act to protect a defendant's Sixth Amendment right to a speedy trial. "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[1] The Speedy Trial Act exempts certain time periods from the time in which an individual is required to be brought to trial.[2]

When the Speedy Trial Act is violated, dismissal is mandatory, but the Court retains discretion to dismiss with or without prejudice.[3] When determining whether to dismiss with prejudice, the Court must consider the seriousness of the offense, the facts and circumstances of

---

[1] 18 U.S.C. § 3161(c)(1).

[2] 18 U.S.C. § 3161(h)(1).

[3] 18 U.S.C. § 3162(a)(2); *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

the case which led to the dismissal, and the impact of a re-prosecution on the administration of justice.[4]

### III. Analysis

**A. Motion to Dismiss Indictment (Doc. 14)**

Black argues that the Government violated the Speedy Trial Act by failing to bring him to trial within 70 (non-excludable) days of his initial appearance before Judge Wimes in the Western District of Missouri. Under 18 U.S.C. § 3161:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.[5]

Although the Government has 70 days to bring a defendant to trial, the Court excludes from that calculation any time that falls within one of the scenarios outlined in § 3161(h)(1). Black argues that even after applying the appropriate exclusions, the Government exceeded its 70-day window.

Before addressing whether any exclusion applies, the Court must first determine when the speedy trial clock began to run. The Government takes the position—appealing to § 3161(c)'s plain language—that the speedy trial clock did not begin until Black made his first appearance in front of a District of Kansas Judge on March 22, 2019. In contrast, Black argues that the speedy trial clock on his Kansas case was initiated by the Western District of Missouri proceedings when Black made his first appearance before Judge Wimes. Black emphasizes that the Western District

---

[4] 18 U.S.C. § 3162(a)(2).

[5] 18 U.S.C. § 3161(c)(1).

of Missouri filed Black's consent to transfer under Rule 20 and assigned the case to Judge Wimes "for all further proceedings."

The Court is ultimately persuaded that the Government's plain language argument is correct. Section 3161(c) specifies that the speedy trial clock is triggered by the latter of the indictment or the defendant's appearance "before a judicial officer *of the court in which such a charge is pending*."[6] While multiple courts have held that the speedy trial clock is not triggered based on a defendant's appearance in a federal court other than where the charges are pending,[7] most of these cases did not involve the transfer of prosecution under Rule 20. Neither Black nor the Government cites authority addressing what happens to the speedy trial clock when a defendant agrees (pursuant to Rule 20) to plead guilty in a jurisdiction other than the one where his charge is pending but later changes his mind. Not only does this appear to be an issue of first impression in the Tenth Circuit, but the Court's own research uncovered just two cases in any jurisdiction addressing this question.[8]

The limited authority the Court is aware of, however, supports the Government's contention that the Missouri proceeding did not trigger § 3161(c)'s speedy trial countdown. For example, in *Wickham* the defendant was charged in the Central District of California with escaping federal custody; the defendant was eventually arrested in Dallas, Texas. Pursuant to Rule 20, the defendant agreed to plead guilty to his California charge in a Texas federal court. After initially

---

[6] 18 U.S.C. § 3161(c) (emphasis added).

[7] *See United States v. Montoya*, 827 F.2d 143, 152 (7th Cir. 1987); *United States v. Wilson*, 720 F.2d 608, 609 (9th Cir. 1983); *United States v. Atkins*, 698 F.2d 711, 714 (5th Cir. 1983).

[8] *See United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994); *United States v. Young*, 814 F.2d 392 (7th Cir. 1987).

pleading guilty in Texas, the defendant filed a motion to withdraw his guilty plea. The Texas district court granted the motion and ordered the defendant transferred to California for prosecution. The defendant eventually filed a motion with the California district court to dismiss the indictment for violation of the Speedy Trial Act. The district court denied the motion, and the Ninth Circuit affirmed. In doing so, the Ninth Circuit held that § 3161(c)'s speedy trial clock started when the defendant first appeared in California. The Ninth Circuit relied on the Seventh Circuit's *Young* opinion in concluding that when a case has been transferred pursuant to Rule 20, an appearance before a judge in the transferee court does not initiate the speedy trial clock under § 3161(c) because the transferee court is not the "the court in which such charge is pending."[9]

Similarly, in *Young* the defendant's Indiana crimes were transferred under Rule 20 to a Michigan federal court. The defendant agreed to plead guilty in Michigan based on plea negotiations with the government, but those plea negotiations eventually broke down and the defendant ultimately decided to take his case to trial. The Michigan district court then returned the case to Indiana. Before the Indiana trial began, however, the defendant filed a motion to dismiss the indictment, arguing (among other things) that the Government violated his speedy trial rights. The defendant asserted that when the case was still in Michigan, the Michigan district court erroneously set the case for trial on its docket. The defendant argued that the Michigan court's act of setting the case for trial "made [the Michigan court] the 'court in which such charge is pending' for purposes of 18 U.S.C. § 3161(c)(1)."[10] On appeal, the Seventh Circuit found this contention

---

[9] *Id.* (citing *Young*, 814 F.2d at 395) ("[The] speedy trial clock did not begin to run when defendant appeared in district court to which case had been transferred under Rule 20, because it was not [the] court in which [the] charge was pending.").

[10] *Young*, 814 F.2d at 395.

to be "without merit."[11]  The Seventh Circuit reasoned "[t]he district court in Michigan had authority pursuant to Rule 20 only to act upon the defendant's guilty plea, or return him to Indiana."  Therefore, the court held that "the district court in Michigan was not the court in which the charge was pending" despite the Michigan court's error in scheduling the defendant's case for trial.[12]

Here, the Court agrees with the rationale of the Ninth Circuit and the Seventh Circuit. Based on § 3161(c)'s plain language, the speedy trial clock on Black's Kansas charges was not triggered until Black made his first appearance in the District of Kansas before Magistrate Judge Gale on March 22, 2019.[13]  The Court's ruling on this matter renders it unnecessary to consider the parties' arguments about whether any of § 3161(h)(1)'s exclusions apply to the time preceding March 22, 2019.  Accordingly, the Court holds that no Speedy Trial Act violation occurred and Black's motion to dismiss the indictment is denied. For the same reasons, the Court also denies Black's Supplemental Motion to Dismiss the Indictment (Doc. 30).[14]

---

[11] *Id.*

[12] *Id.*

[13] Although the Court's decision is not based on any policy consideration, the Court agrees with the Government that Black's interpretation of § 3161(c) and Rule 20 could lead to undesirable outcomes.  Rule 20 is clearly intended to make the judicial process more efficient and convenient for everyone involved.  Of course, Black was within his rights to change his mind about pleading guilty and nothing suggests that Black's decision to plead not guilty was an effort at gamesmanship.  But it takes little imagination to see that a defendant could, under Black's interpretation of the law, use Rule 20 for unintended purposes by starting the speedy trial clock on charges that are pending in jurisdictions that never gained custody over the defendant.

[14] This document was filed as a motion, although its purpose was to provide supplemental authority on issues raised during oral argument at the September 13 hearing.

**B.     Motion to Dismiss Counts 3 and 6 (Doc. 15)**

Black also moves the Court to dismiss Counts 3 and 6 for failure to state an offense.[15] As background, the Government indicted Black in Counts 3 and 6 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Section 922(g) lists nine categories of persons who are prohibited from possessing a firearm or ammunition, including any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."[16] Additionally, § 924(a)(2) states that anyone who knowingly violates § 922(g) shall be fined or imprisoned up to 10 years. In the original indictment, Counts 3 and 6 stated, in relevant part, that Black, "being previously convicted of a crime punishable by imprisonment for a term exceeding one year (a felony) did knowingly and unlawfully possess . . . a firearm . . . ."[17] Black filed a motion to dismiss Counts 3 and 6 in light of the Supreme Court's recent opinion in *Rehaif v. United States*,[18] where the Court held that to prosecute a defendant under § 922(g) "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[19] The Government's Response acknowledged that the indictment was deficient because it failed to specifically state that Black knew he had been convicted of a felony, but the Government requested that the Court postpone ruling on Black's motion so the Government could obtain a superseding indictment that complies with *Rehaif*.

---

[15] *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

[16] 18 U.S.C. § 922(g)(1).

[17] Doc. 1 at 2, 4.

[18] 139 S. Ct. 2191 (2019).

[19] *Id.* at 2200.

On August 14, 2019, the grand jury returned the Superseding Indictment, which states in relevant part:

> [T]he defendant, *knowing he was previously convicted of a crime punishable by imprisonment for a term exceeding one year (a felony)* did knowingly and unlawfully possess, in and affecting commerce, a firearm which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.[20]

On September 13, 2019, the Court conducted a hearing on Black's two motions, during which the Court ordered the parties to provide further briefing on the adequacy of the Superseding Indictment. Specifically, the Court wanted further discussion on whether *Rehaif* required the Government to prove that Black knew that it was unlawful for a felon to possess a firearm. After reviewing the parties' supplemental pleadings and the authority cited therein, the Court concludes that Courts 3 and 6 of the Superseding Indictment adequately state an offense consistent with the *Rehaif* decision, and the Court therefore denies Black's Motion to Dismiss Counts 3 and 6.

In *Rehaif*, the defendant came to the United States to attend college, but he was dismissed from school for poor academic performance. The defendant was informed that he would lose the right to remain in the United States unless he transferred to a different university, which he failed to do. Later, the defendant visited a firing range where he shot two firearms. As a result, the United States prosecuted the defendant for possessing firearms as an alien unlawfully in the country in violation of § 922(g)(5). The defendant was found guilty by the jury, but on appeal the defendant argued that the district judge erred in instructing the jury that to return a guilty verdict it did not need to make a finding that the defendant knew he was in the United States unlawfully.

---

[20] Doc. 21 at 3, 5 (emphasis added).

The Eleventh Circuit found no error in the district judge's instruction and affirmed the defendant's conviction. The Supreme Court, however, reversed and remanded.

The Supreme Court framed the issue in the following way: to convict a defendant of "knowingly" violating § 922(g), must the government "prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?"[21] The Supreme Court held that the knowledge requirement applied to both the relevant conduct and the relevant status. In dicta, the Court highlighted that the offender's status under § 922(g) turns what is generally lawful conduct (possessing a gun) into a criminal act.[22] To that end, the Court hypothesized that a contrary ruling would subject "an alien who was brought into the United States unlawfully as a small child and was therefore unaware of his unlawful status" or "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year.' " to criminal prosecution. The Court rejected that Congress intended such outcomes when it enacted § 922(g) and § 924(a)(2).[23] Furthermore, the Court expressed "doubt that the obligation to prove a defendant's knowledge of his status will be as burdensome as the Government suggests."[24] Accordingly, the Court held: "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the

---

[21] *Rehaif*, 139 S. Ct. at 2194.

[22] *Id.* at 2197 ("Applying the word 'knowingly' to the defendant's status in § 922(g) helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts. Assuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent.").

[23] *Id.* at 2198.

[24] *Id.*

defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[25]

Here, the Superseding Indictment states that Black knew that he possessed a firearm and knew that he was previously convicted of a felony. When considered in light of the Supreme Court's *Rehaif* opinion, these allegations are sufficient to state a claim under § 922(g). It is not necessary for the Government to allege that Black knew convicted felons are prohibited from possessing a gun.[26] Black's Motion to Dismiss Counts 3 and 6 is thus denied.

**IT IS THEREFORE ORDERED** that Defendant Darrell Black's Motion to Dismiss Indictment (Doc. 14) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Darrell Black's Motion to Dismiss Counts 3 and 6 (Doc. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Darrell Black's Supplemental Motion to Dismiss Indictment (Doc. 30) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 15th day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[25] *Id.* at 2200.

[26] *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (rejecting the defendant's argument that *Rehaif* requires proof that defendant knew that unlawful users of controlled substances are prohibited from possessing a firearm); *United States v. Phyfier*, 2019 WL 3546721, at *3 (M.D. Ala. 2019) (same).